**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRAND DESIGN COMPANY, INC. d/b/a/ HOUSE INDUSTRIES,**<br>　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**RITE AID CORPORATION, NAME RITE, LLC, SWAY CREATIVE LABS, LLC, GA COMMUNICATIONS, INC., d/b/a PURERED CREATIVE, LLC, AND BURNS GROUP, NYC, LLC,**<br>　　　　　　**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  22-1174** |

## <u>MEMORANDUM OPINION</u>

Plaintiff Brand Design Co. d/b/a/ House Industries ("House") created a popular font called Neutraface.  Third parties may purchase from House a license to use Neutraface for certain authorized purposes.  House alleges that Defendant Rite Aid Corp. ("Rite Aid"), its subsidiary, Name Rite, LLC ("Name Rite"), and its three advertising agencies, Sway Creative Labs, LLC ("Sway"), GA Communications, Inc. d/b/a PureRED Creative, LLC ("PureRED"), and Burns Group, NYC, LLC ("Burns Group") (collectively, "Defendants") used Neutraface for Rite Aid's recent rebranding, including in its new logo, without authorization or permission.  The only claim against Sway is for unjust enrichment.  Sway filed a Motion to Dismiss contending that it is not subject to personal jurisdiction before this Court under Federal Rule of Civil Procedure 12(b)(2).[1]  For the reasons that follow, Sway's Motion will be granted.

---

[1] Sway also argued that House failed to state a claim under Rule 12(b)(6), but as House has not established that this Court has personal jurisdiction over Sway, the merits cannot be addressed.  *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (quoting *Ex parte McCardle,* 74 U.S. 506, 514 (1868))).

## I.   LEGAL STANDARDS

"[O]nce a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996); *see also Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (plaintiff "must respond with actual proofs, not mere allegations"). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). To carry this burden, the plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

"Pursuant to Rule 4(k) of the Federal Rules of Civil Procedure, 'a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.'" *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Because Pennsylvania's long-arm statute authorizes personal jurisdiction over nonresidents to the "fullest extent allowed under the Constitution of the United States," 42 Pa. C.S. § 5322(b), the statutory inquiry merges with the constitutional inquiry.

"The Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Marten*, 499 F.3d at 296 (alteration in original). "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Id*. (citing *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  "These basic due process principles are reflected in the two recognized types of personal jurisdiction."  *Id*.  "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state," *id*., such as through incorporation or a principal place of business, *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011), or other contacts that "render [it] essentially at home in the forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (alteration in original) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

"Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state."  *Marten*, 499 F.3d 296.  To determine whether there is specific jurisdiction, one looks to: (1) whether the defendant "purposefully directed" its activities at the state; (2) whether the plaintiff's claim "arises out of or relates to" at least one of those specific activities; and (3) whether the assertion of jurisdiction otherwise "comports with 'fair play and substantial justice.'"  *Id*. (citations omitted) (cleaned up).

## II.    DISCUSSION

Sway argues that the Court has neither general nor specific personal jurisdiction here. House waived its response as to general jurisdiction by not responding to Sway's arguments on that point.  *Levy-Tatum v. Navient Sols., Inc.*, 183 F.Supp.3d 701, 712 (E.D. Pa. 2016). Therefore, considered below is only whether the Court has specific jurisdiction over Sway.

The Complaint rested its assertion that jurisdiction existed over Sway "[u]pon information and belief" that Sway "regularly conducts business in Pennsylvania"; "promotes and sells its services, including the services it provided to Rite Aid at issue here, in Pennsylvania in exchange for pecuniary compensation"; and "maintains a website available in Pennsylvania that facilitates and/or enables users to purchase the infringing services from Pennsylvania.

3

In challenging the existence of personal jurisdiction, Sway submitted a declaration from Bryce Picard, one of its owners, rebutting these assertions.  Among other things, Picard declared that Sway has no offices or employees in Pennsylvania (apart from one employee who worked there remotely from July 2021 to March 2022); is not licensed to do business in Pennsylvania; and that Sway employees have traveled to Pennsylvania for business only once, in 2015.  The "Contact Us" page of its website has, to the best of Picard's knowledge, never led to business in Pennsylvania, and the website does not allow clients to purchase goods or services, create an account, or sign up for a mailing list.  According to Picard, Sway has never paid for any marketing or advertising directed at Pennsylvania.  The only Pennsylvania-based client it has had since 2018 is Rite Aid and that relationship came about when a Virginia-based Rite Aid employee introduced the two companies on his own initiative.  All of the work Sway performed for Rite Aid was conducted in Virginia and the "vast majority" of its communications regarding the rebranding occurred through a third-party consultant in New York.

To overcome this challenge, House had to advance "affidavits or other competent evidence" to show that Sway purposefully directed its activities at Pennsylvania.  *Dayhoff Inc*, 86 F.3d at 1302.  House has not done so.  Nor did it reiterate the jurisdictional allegations in the Complaint.  Instead, it argues that this Court has personal jurisdiction over Sway because Rite Aid is located in Pennsylvania; Rite Aid is Sway's client; Sway performed work for Rite Aid; and Rite Aid paid Sway.

These allegations do not suffice.  "The fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident."  *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  Nor are "contacts with a state's citizens that take place outside the state . . . purposeful contacts

with the state itself." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

"[T]he critical finding that the defendant purposefully availed itself of the privilege of conducting activities within the forum requires contacts that amount to a deliberate reaching into the forum state to target its citizens." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103-04 (3d Cir. 2009); *see also O'Connor*, 496 F.3d at 317 ("Physical entrance is not required.  But what is necessary is a deliberate targeting of the forum." (internal citations omitted)).  House has not alleged any facts suggesting that Sway deliberately reached into Pennsylvania to conduct business there, and its claims against Sway will be dismissed without prejudice pursuant to Rule 12(b)(2).[2]

An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*

_____

**WENDY BEETLESTONE, J.**

---

[2] Because House has not carried its burden to show that Sway "purposefully directed" its activities at Pennsylvania, *Marten*, 499 F.3d 296, the second and third steps of the specific jurisdiction test will not be reached.